**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 23-1229**

―――――――――――

ANTHONY C. GUNTER,

        Plaintiff - Appellant,

    v.

ALUTIIQ ADVANCED SECURITY SOLUTIONS, LLC,

        Defendant - Appellee.

―――――――――――

Appeal from the United States District Court for the District of Maryland, at Baltimore. Julie R. Rubin, District Judge.  (1:20-cv-03410-JRR)

―――――――――――

Submitted:  June 27, 2024                    Decided:  August 27, 2024

―――――――――――

Before THACKER and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

―――――――――――

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

―――――――――――

Anthony C. Gunter, Appellant Pro Se.  Alexander V. Cranford, Kathleen A. McGinley, Larry Robert Seegull, JACKSON LEWIS PC, Baltimore, Maryland, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

While defending a lawsuit filed by one of its former employees, Alutiiq Advanced Security Solutions, Inc. ("Alutiiq") discovered that the plaintiff, Anthony C. Gunter, had altered certain text message evidence and failed to produce other evidence. Alutiiq moved for sanctions, seeking both dismissal of the case and reimbursement for costs associated with uncovering Gunter's misconduct. District Judge Bennett held an evidentiary hearing and found that Gunter had indeed doctored evidence. However, Judge Bennett denied Alutiiq's request to dismiss. Instead, Judge Bennett prohibited Gunter from using the altered messages at trial; permitted Alutiiq to use the same for impeachment purposes; and directed Gunter to reimburse Alutiiq, unless he was unable to pay.

Thereafter, the case was transferred to District Judge Rubin. Upon getting acquainted with the case, Judge Rubin questioned whether the sanctions imposed by Judge Bennett were adequate. After notifying the parties that she was contemplating reconsideration, Judge Rubin concluded that dismissal with prejudice was warranted. Further, she ordered Gunter to pay Alutiiq $10,000—short of what Alutiiq requested, but the maximum Gunter could afford.

Gunter now appeals, primarily challenging Judge Rubin's decision to reconsider Judge Bennett's sanctions ruling. Gunter also disputes the imposition of monetary sanctions and faults Judge Rubin for not granting his motion to recuse. For the reasons that follow, we affirm in part, vacate in part, and remand.

We review Judge Rubin's decision to reconsider Judge Bennett's ruling for abuse of discretion. *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236,

2

256 (4th Cir. 2018). "Under [Fed. R. Civ. P.] 54(b), a district court retains the power to reconsider and modify its interlocutory judgments at any time prior to final judgment when such is warranted." *Id.* (cleaned up). However, the power to reconsider "is not limitless." *Id.* (internal quotation marks omitted). Rather, "we have cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *Id.* at 257 (internal quotation marks omitted). "Accordingly, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Id.* (internal quotation marks omitted). And "where, as here, the order was entered by one judge and then reviewed by another, the latter judge should be hesitant to overrule the earlier determination." *Id.* (cleaned up).

Our review of the record reveals no substantially different evidence or change in law that warranted reconsideration. Nor do we detect clear error in Judge Bennett's ruling. *See id.* at 258 ("[A] prior decision does not qualify for the third exception by being just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong." (cleaned up)). So, while we appreciate Judge Rubin's well-founded concerns about submitting this case to a jury in light of Gunter's egregious misconduct, we are constrained to conclude that Judge Rubin abused her discretion when reconsidering Judge Bennett's decision not to dismiss this case.

Next, we review the imposition of sanctions for abuse of discretion and related factual findings for clear error. *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 276

3

(4th Cir. 2022). We discern no abuse of discretion in either the decision to impose monetary sanctions or the amount awarded.

Finally, we review the denial of a motion to recuse for abuse of discretion. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "However, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (internal quotation marks omitted). Furthermore, a judge need not recuse herself "simply because of unsupported, irrational or highly tenuous speculation." *Cherry*, 330 F.3d at 665 (internal quotation marks omitted).

There is absolutely no indication in the record that Judge Rubin harbored any bias against Gunter. Thus, we conclude that Judge Rubin properly exercised her discretion in denying Gunter's motion to recuse.

Accordingly, we affirm the part of Judge Rubin's order awarding monetary sanctions to Alutiiq, vacate the part of the order dismissing the action with prejudice, and remand to the district court for further proceedings. In addition, we affirm the order denying the motion to recuse, deny Gunter's motion for a transcript, and deny as moot Gunter's motion for a stay. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*